# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW D. WETZEL | CIVIL ACTION |
| VERSUS | NO. 09-7450 |
| CHARLES FOTI | SECTION "N (6) |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

ANDREW D. WETZEL is a state pretrial detainee, awaiting trial in the 22nd Judicial District Court for the Parish of St. Tammany on charges of bank fraud, simple arson, issuing worthless checks, simple burglary, theft over $500, simple criminal damage, and

abuse of monetary instruments.[1] In his petition, Wetzel claims that his lawyer is ineffective, the judge is biased against him, he is being denied due process, and, his confession was involuntary.[2] Wetzel indicates on his application form that he is in pretrial status and has yet to be convicted of these charges. A staff member for the undersigned Magistrate Judge also contacted the Louisiana Supreme Court, Clerk of Court's office and ascertained that petitioner has not filed a writ application with that court concerning his complaints.

Since this case can be resolved after review of the petition and without a certified copy of the state court record being submitted, a briefing order ordering the State to respond was not issued in this matter.[3]

## EXHAUSTION

Federal law is clear that a state prisoner must exhaust available state court remedies as to each ground upon which he claims entitlement to habeas corpus relief. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982); *Preiser v. Rodriguez*, 411

---

[1] In his petition, Wetzel lists the following cases numbers for which he is awaiting trial in St. Tammany Parish: 467439, 468218, 469281, 470806, 472551, 472552, 477348, 476720, 472553. The court uses the charges and case numbers provided by petitioner as there is no record available with which to confirm said information.

[2] See Petition.

[3] Since it is clear on the face of petitioner's habeas application as well as from the court's independent research that Wetzel has not exhausted his state court remedies, the court is not required to issue a briefing order to the State of Louisiana requesting either the certified state court record or a written response. "An answer is not required if it appears from the application that the applicant is not entitled to the writ." *Cousins v. Chandler*, 253 F.3d 701, 2001 WL 498697 (5th Cir. April 10, 2001) (unpublished decision), citing 28 U.S. C. §2243.

U.S. 475, 93 S. Ct. 1827 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F. 2d 1112, 1117 (5th Cir. 1987). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 522, 102 S. Ct. at 1205.

The court first notes that although petitioner has filed his claims for federal habeas relief on the form reserved for applications brought pursuant to Title 28, United States Code, Section 2254, since petitioner has not yet been convicted, his petition for relief is properly treated under Title 28, United States Code, Section 2241.[4] While this Court clearly has jurisdiction pursuant to Section 2241(c)(3) to issue a writ of habeas corpus before a judgment is rendered in a state criminal proceeding, two related concerns prevent this Court from addressing the merits of his claim. First, petitioner must exhaust his state court remedies in order for this Court to entertain his claims; and, second, a federal habeas court should abstain from ruling on the merits of a petitioner's claims when he still has the possibility of being "vindicated" by an acquittal at a state trial. For the following reasons, this Court finds that petitioner has not exhausted his state court remedies and has raised claims which, in the interest of federal-state comity, are premature for a federal court to address on habeas review.

Although there is no reference to an exhaustion requirement in the statutory

---

[4]Title 28 U.S.C. §2254 only affords relief to a petitioner "in custody pursuant to the judgment of a state court." Because petitioner has not yet been tried on the subject charges, no state court judgment has been rendered. Section 2241(c)(3), however, extends the writ of *habeas corpus* to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States". Petitioner herein clearly meets the "in custody" requirements of the Section 2241 provision.

3

language of section 2241(c)(3), a body of case law has developed holding that a federal court should abstain from the exercise of its habeas jurisdiction if the issues raised in a petition may be resolved either by trial on the merits in the state court or by some other state procedures available to the petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92, 93 S.Ct. 1123, 1127-29, 35 L.Ed.2d 443 (1973). The exhaustion doctrine of Section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process. *Dickerson*, 816 F.2d at 225 (citations omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). See also, *Anderson v. Johnson*, 338 F.3d 382 (5th Cir. 2003), citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *Picard v. Connor,* 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (To satisfy the exhaustion requirement, "a habeas petitioner must have fairly presented the substance of his claim to the state courts.") Within the context of a Section 2241 action, this exhaustion requirement is obviated only if "special circumstances" exist. *Dickerson,* 816 F.2d at 225 (citing *Braden,* 410 U.S. at 489, 93 S.Ct. at 1127); *Tooten v. Shevin*, 493 F.2d 173, 177 (5th

Cir.), *cert. denied*, 421 U.S. 966, 95 S.Ct. 1957, 44 L.Ed.2d 454 (1975). *See also Ex parte Royall*, 117 U.S. 241, 251-52, 6 S.Ct. 734, 29 L.Ed. 868 (1886)(narrowly interpreting such "special circumstances" to cases of "great urgency", for example, where a delay in adjudication may strain foreign relations or where a prisoner is in state custody for an act done under the authority or title commissioned upon him by the United States.)

In this case, the interests of comity and abstention recognized in the above noted cases would be offended if this Court were to address petitioner's claim. Federal habeas jurisdiction is properly exercised when a state pre-trial detainee is attempting to enforce his right to have the state bring him promptly to trial and should not be used in an attempt to "adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Dickerson*, 816 F.2d at 226. Review of Wetzel's petition reveals that the issues he attempts to raise should be brought to the state court's attention[5] and further, that he has not challenged his current detention before the highest state court.[6] Petitioner has not exhausted his state court remedies as the highest state court has not had an opportunity to pass upon and correct any alleged violations of petitioner's

---

[5]Wetzel complains that his pretrial motions are not being considered and/or filed by the state district court but his complaint about that court's procedures should first be addressed to the state district court's **superior state courts** rather than to a federal habeas court.

[6]The Court has contacted the Clerk for the Louisiana Supreme Court who confirmed that petitioner has not filed any pleadings with that court. Moreover, petitioner concedes on page 1 of his petition that he has not yet been convicted.

5

constitutional rights.[7] Federal intervention at this juncture would only serve to "disrupt the orderly functioning of the state judicial processes." *See, Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).

## **RECOMMENDATION**

Accordingly, it is recommended that petitioner's application for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[8]

New Orleans, Louisiana, this 4th day of December, 2009.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

[7]Petitioner has also failed to demonstrate that "special circumstances" exist which warrant a waiver of the exhaustion requirement.

[8]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

6